IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1997 SESSION

FILED

February 13, 1998

Cecil W. Crowson
Appellate Court Clerk

|                       |   |                              |
|-----------------------|---|------------------------------|
| BILLY W. ALDRIDGE,    | ) | No. 01C01-9704-CR-00142      |
|                       | ) |                              |
|    Appellant | ) |                         |
|                       | ) | DAVIDSON COUNTY              |
| V.                    | ) |                              |
|                       | ) | HON. CHERYL BLACKBURN,       |
| STATE OF TENNESSEE,   | ) | JUDGE                        |
|                       | ) |                              |
|    Appellee. | ) | (Habeas Corpus)         |
|                       | ) |                              |
|                       | ) |                              |

For the Appellant:

Billy W. Aldridge
Riverbend Maximum Security
 Institution
7475 Cockrill Bend Industrial Rd.
Nashville, 37209

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Ellen H. Pollack
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493


Victor S. Johnson, III
District Attorney General

Roger D. Moore
Assistant District Attorney
222 Second Avenue North
Washington Square
Nashville, TN 37201-1649

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

William M. Barker, Judge

**OPINION**

The appellant, Billy W. Aldridge, appeals as of right the dismissal in the Davidson County Criminal Court of his petition for writ of habeas corpus. In that petition, appellant challenged the validity of his convictions alleging a defective indictment and an unconstitutional sentence. The trial court summarily dismissed the petition, finding that the grounds alleged were appropriate for post-conviction relief, but not cognizable in a habeas corpus proceeding. Because appellant was convicted in Shelby County, the trial court was unable to treat the petition as one seeking post-conviction relief.[1] See Tenn. Code Ann. §40-30-204(a) (Supp. 1996) (requiring post-conviction petition be filed in the court of conviction).

According to appellant's petition, he pled guilty on May 18, 1992, to attempted second degree murder, aggravated rape, and aggravated robbery and received a sentence of eight years. His only challenge on appeal is that the indictment charging him with aggravated rape was deficient for failing to state the requisite *mens rea*. Unfortunately, we are unable to review appellant's issue because of an insufficient record. The technical record does not contain a copy of the indictment, nor does appellant's petition or appellate brief cite the language that was contained in the indictment. Without the contested language, we are unable to determine its sufficiency.

It is the duty of the appellant to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal. Tenn. R. App. P. 24(b) and State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993) (citations omitted). An appellate court is precluded from considering the merits of an issue where the relevant material is absent from the record. Id. We must decline to review the issue.

---

[1] In addition to the jurisdictional bar, we note that post-conviction relief for the appellant is barred by the statute of limitations. Tenn. Code Ann. §40-30-202 (Supp. 1996)

Moreover, appellant supports his argument by relying on this Court's opinion in State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267 (Tenn. Crim. App. at Nashville, June 20, 1996), a decision which was recently reversed by our supreme court. State v. Roger Dale Hill, Sr., No. 01S01-9701-CC-0005 (Tenn. at Nashville, November 3, 1997). Therefore, even if appellant's indictment were in the record before us, in all likelihood, appellant's claim would be without merit.

We affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

_____
William M. Barker, Judge


_____
Joe B. Jones, Presiding Judge


_____
Paul G. Summers, Judge